**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-05191-NYW-STV

GREGORY DEAL,

Plaintiff,

v.

ONEFLIGHT INTERNATIONAL, INC.; *et al.*,

Defendants.

---

**ORDER**

---

Chief Magistrate Judge Scott T. Varholak

This matter is before the Court on Plaintiff's Motion for Order for Alternative Service on Ferren Rajput (the "Motion"). [#14] Through the Motion, Plaintiff requests that the Court permit substituted service on Defendants pursuant to Federal Rule of Civil Procedure 4(e) and Colorado Rule of Civil Procedure 4(f). [*Id.*] This Court has carefully considered the Motion and the related exhibits, the case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the reasons set forth herein, the Motion is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

Plaintiff initiated this action on October 13, 2026. [#1] In his Complaint, Plaintiff alleges that Defendants induced Plaintiff to wire hundreds of thousands of dollars to Defendant ONEflight International, Inc. ("OFI"), for services that OFI knew it could not provide. [*Id.* at ¶¶ 1] Plaintiff asserts claims for breach of contract, unjust enrichment,

fraud, violations of the Colorado Consumer Protection Act, conversion, and civil theft against the Defendants. [*Id.* at ¶¶ 55-90]

According to Plaintiff, Defendant Ferren Rajput's last known address is 6745 South Robertsdale Way, Aurora, Colorado.[1] [#14 at ¶ 2] Plaintiff has made eight attempts to serve Defendant Rajput at this location since the filing of this suit. [*Id.* at ¶¶ 3, 6; ##14-2 at 2-3; 14-4 at 2] One of the process servers engaged spoke with the neighbors around the relevant address and learned from them that Defendant Rajput and his wife did indeed reside at 6745 South Robertsdale Way, Aurora, Colorado. [##14 at ¶ 6; 14-4 at 2]

On October 28, 2026, Plaintiff's counsel reached out to Mr. Michael C. Song, who is believed to be Defendant Rajput's personal lawyer, but Mr. Song has not responded. [#14 at ¶ 7] Defendant Rajput is the CEO of OFI, which is also a Defendant to this action. [*Id.* at ¶ 5] Plaintiff's process servers also attempted to effect personal service upon OFI at its principal place of business, 8208 S. Interport Blvd, Suite 200, Englewood, Colorado 80112. [*Id.*; *see also* #14-1 at 2, 7] These attempts were unsuccessful. [#14 at ¶ 5] Based on these facts, Plaintiffs believe that Defendant Rajput is intentionally concealing himself to evade service. [*See id.* at ¶ 15] Thus, on November 6, 2026, Plaintiffs filed the instant Motion seeking alternative service. [#14]

## II. DISCUSSION

Federal Rule of Civil Procedure 4 governs service of a summons and complaint. Pursuant to Rule 4(e)(1), an individual within a judicial district of the United States may

[1] In addition, on October 15, 2026, Defendant Rajput was identified as the registered agent for Defendant BALCC Holdings, LLC and 6745 South Robertsdale Way, Aurora,

be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Colorado Rule of Civil Procedure 4(f) authorizes substitute service. When the party attempting service "is unable to accomplish service . . . the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Such a motion shall state:

> (1) The efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

Colo. R. Civ. P. 4(f). If the court is satisfied that due diligence has been used to attempt personal service, that further attempts to obtain personal service would be to no avail, and that the person to whom delivery of the process is directed is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: "(1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery." Colo. R. Civ. P. 4(f). For substitute service to be valid, it must comport with due process by being calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

Here, the Court is satisfied that due diligence has been used to attempt personal service and that further attempts to obtain timely personal service would be to no avail.

---

Colorado, was listed as the address where Defendant Rajput could be served. [#14 at ¶

As outlined above, Plaintiffs have attempted service on Defendant Rajput on eight occasions, and it appears that Defendant Rajput does indeed reside at the address at which service was attempted. [##14 at ¶¶ 3, 6; 14-2 at 2-3; 14-4 at 2] Furthermore, service was attempted on OFI, where Defendant Rajput remains CEO, and Plaintiff's process servers were also unable to effect personal service at OFI's principal place of business. [#14 at ¶ 5; *see also* #14-1 at 2, 7]

Plaintiffs ask that the Court permit service upon Defendant Rajput by any combination of: (1) email at any or all of five email addresses known to be associated with Defendant Rajput and (2) certified mail, return receipt requested, at Defendant Rajput's last known address. [#14 at ¶ 17] However, the Court cannot find that these methods are permitted by the Federal Rules of Civil Procedure.

In general, "the use of email to serve a person or entity located in Colorado . . . is not a sufficient means of providing notice." *Brand Q, Inc. v. All About Uniforms, Inc.*, No. 22-cv-01423-WJM-MDB, 2022 WL 4120618, at *2 (D. Colo. Sept. 9, 2022); *see also Standard Hemp, LLC v. Silen*, No. 19-cv-01162-KMT, 2019 WL 13201198, at *3 (D. Colo. June 10, 2019) ("[N]either the Federal Rules of Civil Procedure, [nor the] Colorado Rules of Civil Procedure . . . allow for service of defendants within the United States by email." (citing *Bluemedia Inc. v. Sordid Ones BV*, 10-CV-01158-MSK-KLM, 2011 WL 42296, at *3 (D. Colo. Jan. 6, 2011))). Furthermore, courts in this District have found that substituted service via certified mail and email does not comply with Colorado Rule of Civil Procedure 4(f) because, where a case does not involve specific property or status or other proceedings in rem, "substituted service must be effected by hand

4; *see also* #14-3 at 2]

delivery to the substituted person." *Greene v. JJLV LLC*, No. 21-cv-01182-RMR-KMT, 2021 WL 5280190, at *3 (D. Colo. Nov. 12, 2021); *see also* Colo. R. Civ. P. 4(f) (prohibiting service by mail or publication unless the action affects specific property or status or other proceedings in rem).

Because service of the kind requested by Plaintiff is not permitted under the Rules, the Court cannot order alternative service of this nature. Accordingly, though the Court finds that due diligence has been satisfied, the Court finds that the proposed method of service does not comply with the Rules. For that reason, the Court DENIES the Motion WITHOUT PREJUDICE.

## III. CONCLUSION

For the reasons stated above, the Motion [#14] is **DENIED WITHOUT PREJUDICE**.

DATED: November 19, 2026

BY THE COURT:

s/Scott T. Varholak
Chief United States Magistrate Judge